LAUREN N. VEGA (State Bar No. 306525)
NICHOLAS J. FERRARO (Bar No. 306528)
FERRARO EMPLOYMENT LAW, INC.
2305 Historic Decatur Road, Suite 100
San Diego, California 92106
Tel: (619) 693-7727 / Fax: (619) 350-6855
lauren@ferraroemploymentlaw.com
nick@ferraroemploymentlaw.com

Attorneys for Plaintiff Ana Garcia, on behalf of herself
and all others similarly situated

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA GARCIA, on behalf of herself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STG INTERNATIONAL, INC., a Virginia Corporation,<br><br>　　　　　Defendant. | Case No. **'20CV1701 AJB  LL**<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>1.　Failure to Pay All Wages Owed (Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*)<br><br>2.　Failure to Pay All Wages Owed (Lab. Code §§ 1194 and 1194.2)<br><br>3.　Failure to Pay Overtime Wages (Lab. Code §§ 510 and 1194)<br><br>4.　Failure to Timely Pay Wages at Separation (Lab. Code §§ 201-203)<br><br>5.　Failure to Provide Accurate Itemized Wage Statements (Lab. Code §§ 226(a) and (b))<br><br>6.　Failure to Permit Meal Periods or Pay All Premiums Owed (Lab. Code §§ 226.7, 512)<br><br>7.　Failure to Permit Rest Periods or Pay All Premiums Owed (Lab. Code §§ 226.7, 512)<br><br>8.　Violation of Unfair Business Practices Act (Bus. & Prof. Code §§ 17200-17208) |

Plaintiff ANA GARCIA ("Plaintiff"), on behalf of herself, and all others similarly situated, complains and alleges as follows:

## INTRODUCTION

1.      This is a class and collective action against Defendant STG INTERNATIONAL, INC (collectively "Defendant" or "STG"). Plaintiff brings this action on behalf of herself and all other non-exempt employees of Defendant who worked in California ("Class Members") at any time during the four years preceding the filing of this action through the time the time of trial ("Class Period"), and in the United States ("Covered Employees") at any time in the three years preceding the filing of this action ("FLSA Class Period").

2.      During the Class and FLSA Class Period, Defendant had a consistent payroll administration practice whereby Defendant did not accurately calculate the "regular rate of pay" for non-exempt employees because Defendant failed to include all remuneration earned—including bonuses, cash health and welfare benefits, shift differentials, among other sums—in the lawful overtime hourly rate in violation of California and federal wage and hour laws.

3.      Defendant also failed to provide meal and rest periods (or pay the applicable premiums) and failed to provide notice of paid sick leave to the Class.

4.      These issues are apparent based on the face of records STG maintains and is required to maintain, including wage statements and time records, and are amenable for adjudication on a class and collective action bases on the claims set forth in this Complaint.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq.  Diversity subject matter jurisdiction exists pursuant 28 U.S.C. § 1332(d)(2) as amended by the Class Action Fairness Act of 2005, because at least some members of the proposed class have different citizenship

CLASS AND COLLECTIVE ACTION COMPLAINT

from Defendant, and the claims of the proposed class members exceed five million dollars ($5,000,000) in the aggregate.

6.      Diversity of citizenship exists between Plaintiff ANA GARCIA, a citizen of California, and STG, a Virginia corporation.

7.      The exact damages of Plaintiff and the Class are unknown, but Plaintiff reasonably believes they exceed $5,000,000 in the aggregate.

8.      This Court has personal jurisdiction over STG because STG purposefully availed itself of the privilege of conducting business in the State of California, in this judicial district.

9.      Venue is proper in this district because a substantial part of the events and omissions giving rise to the claims occurred in this district and because Plaintiff seeks claims on behalf of a Class of California current and former employees.   Venue is proper in this district also because there is personal jurisdiction in this district over STG. Presently and at all relevant times, STG has conducted substantial, continuous and systematic commercial activities in this district.

## PARTIES

### A.   The Plaintiff

10.    Plaintiff ANA GARCIA is over the age of 18 and a California citizen.

### B.   The Defendant

11.    Plaintiff is informed, believes, and alleges: Defendant STG INTERNATIONAL, INC. is a Virginia corporation, which conducts business in the County of San Diego, was the employer of Plaintiff and Class Members during the Class Period; and, also employed Covered Employees during the FLSA Class Period.

12.    Plaintiff is informed, believes, and alleges that Defendant employed Class Members in California during the Class Period and employed Covered

CLASS AND COLLECTIVE ACTION COMPLAINT

Employees during the FLSA Class Period in the following states: Virginia, Arizona, Texas, Florida, Missouri, Maryland, North Dakota, South Dakota, Pennsylvania, Oklahoma, Tennessee, Kentucky, Massachusetts, Illinois, Louisiana, Idaho, Georgia, Arkansas, Washington, New Jersey, New York, and Washington, D.C.

## GENERAL ALLEGATIONS

13.   At all times during the Class Period, Defendant conducted business and employed Plaintiff and Class Members in San Diego County, California.

14.   Plaintiff and Class members were non-exempt employees, covered by Defendant's policies and Industrial Welfare Commission (IWC) Wage Orders, including 4-2001, Labor Code § 1194, the FLSA, and/or other orders, regulations and statutes, throughout the Class Period.

## PLAINTIFF'S EXPERIENCE

15.   Plaintiff was employed by STG INTERNATIONAL, INC. as a Registered Nurse from December 2018 through July 2020.  For part of her employment, Plaintiff worked in El Paso, Texas.  During the last three months of her employment, Plaintiff worked at the Otay Mesa Detention Facility in San Diego County, California.

16.   Plaintiff was classified as a non-exempt employee by Defendant throughout her employment and paid various forms remuneration, including shift differentials, bonuses, and cash benefits.

17.   Each pay period, STG paid Plaintiff bonuses and multiple types of remuneration, in addition to her regular hourly wage, which were identified as follows on her wage statements as "bonus," Sd/Oc 3.00," "Shift Diff/Page," "Shift Diff 1.00," "Shift Diff 1.50," "Shift Diff 1.75," "Shift Diff 3.50," "Shift Diff 4.00."

18.   Plaintiff alleges that Defendant paid the same or similar non-discretionary bonuses and shift differentials to other non-exempt employees.

19.     Some of the bonuses paid to Plaintiff, Covered Employees, and Class Members were flat sum bonuses that were earned by showing up for a particular shift.

20.     Plaintiff is informed, believes and alleges that she and other Covered Employees and Class Members received other forms of remuneration during their employment and during the relevant time periods that were required to be included in the regular rate of pay for purposes of calculation and payment of the lawful overtime rate, but which were excluded from the calculation without a legal basis and in violation of California and federal wage and hour laws.

21.     Throughout her employment, Plaintiff received cash health and welfare payments that fluctuated based on the number of hours that she worked each pay period.

22.     These payments appear on Plaintiff's wage statements as "Cash 4.13" and "Cash 4.18" and may appear on the wage statements or records of Class Members and Covered Employees with the same or similar designations, without limitation.

23.     The cash payments were paid directly by Defendant to Plaintiff and not by a third party or trustee and are not excluded from the regular rate of pay calculation under California or federal law. *See Bonner v. Metropolitan Security Services, Inc.* (W.D. Tex. Mar. 15, 2011) Case No. SA-10-CV-937-XR (holding that cash health and welfare payments made directly by an employer to an employee under a contract governed by the Service Contract Act are not are not excludable from the "regular rate of pay").

24.     Plaintiff is informed and believes the Covered Employees and Class Members also received the same or similar cash health and welfare payments which may bear the same or different description on each employee's wage statement.

///

CLASS AND COLLECTIVE ACTION COMPLAINT

25.    In pay periods when Plaintiff earned overtime or meal and rest period premiums, Defendant calculated and paid Plaintiff and Class Members based only on their straight time hourly rate, not their respective regular rate of pay, which includes the cash payments, shift differentials, and bonuses, among other sums.

26.    Defendant underpaid Plaintiff, Covered Employees, and Class Members by not including all forms of remuneration, including the cash payments, shift differentials, bonuses, and other forms of remuneration in the regular rate of pay for purposes of overtime during the respective statutory periods.

27.    By way of example, on Plaintiff's June 10, 2020 wage statement, she was paid overtime at a rate of $78.19, which was one and one-half times her *straight time* hourly rate of $52.13 (i.e., $52.13 * 1.5= $78.19).

28.    However, in addition to her hourly wages, Plaintiff was also paid shift differentials, cash health and welfare benefits, a bonus, and other remuneration in the total amount of $866.40.

29.    Although this amount is required to be included in the "regular rate of pay" Defendant failed to include the $866.40 (or any additional amount) in the regular rate of pay for Plaintiff or Covered Employees and Class Members as a matter of common practice, as the overtime rate is a straight time 1.5x multiple of the hourly rate, facially demonstrating Defendant's failure to pay all overtime at the proper hourly rate (i.e., the regular rate of pay multiple).

30.    Additionally, Defendant issued wage statements to Plaintiff and, on information and belief, other Class Members, which contain at least six distinct types of violations.

31.    First, in each wage statement furnished to Plaintiff and on information and belief the Class Members, Defendant failed to identify the "total hours worked" on the wage statement.

///

CLASS AND COLLECTIVE ACTION COMPLAINT

32.     Second, Defendant's wage statements inaccurately state the gross wages, total hours worked, net wages earned, applicable hourly rates in effect and the number of hours worked at each hourly rate.

33.     These wage statement defects are the result of Defendant's failure to pay overtime at the "regular rate of pay," thus rendering the wage statement total amounts inaccurate.

34.     Third, Defendant failed to pay meal and rest period premiums at the lawful regular rate of compensation rendering the wage statements an inaccurate reflection of the wages and hours of Plaintiff and the Class Members.

35.     Because of the failure to pay meal and rest premiums, Defendant thus listed the incorrect gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during the pay period with the number of hours worked at each hourly rate by the employee.

36.     Fourth, irrespective of the "regular rate of pay" issue, when Plaintiff was paid for double time, the double time rate on the wage statement was inaccurate because it is stated as being the same as Plaintiff's straight time hourly rates instead of a 2x multiple of the straight hourly rate. As a result, Defendant failed to list the correct hourly rate of pay for double time compensation for Plaintiff and the Class Members.

37.     Fifth, Defendant did not list the corresponding number of hours worked for all forms of hourly-based remuneration earned by Plaintiff and the Class Members.

38.     Specifically, Defendant's wage statements for Plaintiff did not list the corresponding number of hours worked for earnings listed as "Cash," "Sd/Oc," "Shift Diff 3.50," Shift Diff/Page," among other forms of pay.

39.     When Plaintiff and Class Members were paid these forms of remuneration, such as shift differentials, their wage statements failed to specify the number of hours worked for the particular earning category.

CLASS AND COLLECTIVE ACTION COMPLAINT

40.     An example of this practice appears on Plaintiff's wage statement with the pay date 05/22/2020.

41.     Sixth, Defendant also failed to include paid sick leave accruals and balance on Plaintiff and the Class Members' wage statements in violation of California Labor Code section 246.

42.     Defendant's wage statement issues described above rendered the wage statements inaccurate and confusing to Plaintiff and Class Members.

43.     Plaintiff and Class Members suffered injury in the form of confusion regarding amounts paid for hours worked, and in the form of concealment of the common payroll practices causing the violations and underpayment of wages and wage statement deficiencies as addressed in this Complaint.

44.     Defendant's wage statement violations were knowing and intentional as a matter of law with respect to Plaintiff and Class Members given that the legal obligation was not disputed, the wage statement and overtime laws are clear and unambiguous as written, and because Defendant nevertheless failed to comply despite the means and ability to do so.

45.     Plaintiff is informed and believes, and alleges, that Defendant knew or should have known Plaintiff and Class Members were entitled to receive all meal periods or payment of one additional hour of pay at their respective regular rate of compensation when they did not receive a compliant meal period.

46.     Plaintiff is informed and believes that Defendant maintained a company-wide practice in which it automatically deducted a 30-minute uncompensated meal period per workday regardless of whether Plaintiff and the Class Members actually took a duty-free 30-minute meal period.  Because of this practice, Defendant did not maintain any records of the actual times that Plaintiff and Class Members took meal periods (if any).

47.     Plaintiff's actual meal periods were often late, short, interrupted, or missed entirely due to Defendant's policies and practices which did not provide

enough coverage for employees to take meal periods and which effectively required employees to skip, work through, or cut short meal periods on certain occasions.

48.    Despite being on notice of its employees being deprived of the opportunity to take compliant meal periods or any meal period at all, Defendant nonetheless automatically deducted 30 minutes of time from Plaintiff and the Class Members each workday.   These automatic deductions are reflected on Plaintiff's time records for each workday as .50 "non-work hours."

49.    As a result of Defendant's practice, Plaintiff and the Class Members often worked multiple hours per workweek for which they received no compensation whatsoever, whether straight time or overtime pay.

50.    In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all meal periods or payment of one additional hour of pay at their "regular rate of compensation" when they did not receive a compliant meal period (i.e., untimely, short or interrupted).

51.    Plaintiff is informed and believes, and alleges, Defendant knew or should have known Plaintiff and Class Members were entitled to receive all rest periods or payment of one additional hour of pay at their respective regular rate of compensation when they did not receive a compliant rest period.

52.    In violation of the Labor Code and IWC Wage Orders, Plaintiff and Class Members did not receive all rest breaks or payment of one additional hour of pay at their respective regular rate of pay when they did not receive a compliant rest period (i.e., short or interrupted).

## FLSA COLLECTIVE ACTION

53.    Plaintiff brings the First Cause of Action for violations of FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all Covered Employees during the FLSA Class Period.

///

54.    At all relevant times, Plaintiff and Covered Employees have been similarly situated, had substantially similar job requirements and pay provisions, and been subject to Defendant's common practices, policies and procedures of willfully failing to pay them for all straight and overtime hours due to Defendant's practice of automatically deducting 30 minutes of pay each shift for a meal period regardless of whether a meal period was actually taken.  Defendant also failed to pay Plaintiff and the Covered Employees them at the legally required time-and-a-half rates for work in excess of forty (40) hours per workweek, including by failing to include all remuneration to correctly calculate the "regular rate of pay." Plaintiff's claims are similar to those of the other Covered Employees.

55.    The First Cause of Action is properly brought and maintained as an opt-in collective action. FLSA, 29 U.S.C. 216(b). Covered Employees names and addresses are readily available from Defendant. Covered Employees can be provided notice by first class mail to the last address known to their employer.

56.    Plaintiff ANA GARCIA'S signed consent is attached to this Complaint Exhibit "A."  Plaintiff is informed, believes and alleges many other Covered Employees will sign and file consents to join this lawsuit if given the opportunity to do so.

## CALIFORNIA CLASS ACTION

57.    Plaintiff brings this action on behalf of herself and all similarly-situated persons in California pursuant to FRCP 23 on behalf of all Class Members. The class Plaintiff seeks to represent is defined as:

> All Defendant's non-exempt California employees employed at any time during the period four (4) years before the filing of the Complaint to the time of trial.

58.    Plaintiff seeks to certify a subclass of employees defined as:

**California Unpaid Wage Subclass**

> All Class Members who were not paid regular or overtime wages for all hours worked as a result of Defendant's policy

of automatically deducting 30 minutes of pay each workday for a meal period regardless of whether a compliant meal period was actually taken.

59.     Plaintiff seeks to certify a subclass of employees defined as:

**California Overtime Subclass**

All Class Members who were not paid all overtime wages at the correct regular rate of pay for hours worked over eight (8) hours per day or forty (40) hours per week.

60.     Plaintiff seeks to certify a subclass of employees defined as:

**Waiting Time Subclass**

All Class Members to whom Defendant failed to pay all wages due to them upon termination or resignation.

61.     Plaintiff seeks to certify a subclass of employees defined as:

**Wage Statement Subclass**

All Class Members whom Defendant improperly failed to provide accurate itemized wage statements under Labor Code § 226(b).

62.     Plaintiff seeks to certify a subclass of employees defined as:

**Premium Wage Subclass**

All Class Members who were not paid premium wages for a meal period not provided or a rest period not permitted or authorized.

63.     Plaintiff seeks to certify a subclass of employees defined as:

**UCL Subclass**

All members of the California Overtime Subclass and Premium Wage Subclass.

64.     This action has been brought and may be maintained as a class action pursuant to FRCP 23 because there is a well-defined common interest of many persons and it is impractical to bring them all before the court. Plaintiff reserves

CLASS AND COLLECTIVE ACTION COMPLAINT

the right to modify the Class description or further divide it into subclasses or limit it to particular issues.

65. **Ascertainability**: The proposed Class and Subclasses are ascertainable because they can be identified and located using Defendant's payroll and personnel records.

66. **Numerosity**: The potential members of the Class and Subclasses as defined is so numerous that joinder of all members would be infeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of members of the Class and Subclasses is unknown to Plaintiff, but is estimated to be in excess of 100 individuals. The number and identity of members can be readily ascertained using Defendant's records.

67. **Typicality**: Plaintiff's claims are typical of Class and Subclass Member's because all sustained similar injuries and damages arising out of Defendant's common course of conduct in violation of law and the injuries and damages of all members of the Class and Subclasses were caused by Defendant's wrongful conduct in violation of law, as alleged.

68. **Adequacy**: Plaintiff is an adequate representative of the Class and Subclasses, will fairly protect the interests of Class and Subclass members, has no interests antagonistic to Class and Subclass members, and will vigorously pursue this lawsuit. Plaintiff's attorneys are competent, skilled and experienced in litigating large wage and hour class actions.

69. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Each Class Member has been damaged, and is entitled to recovery, by Defendant's unlawful policies. A Class action will allow litigation of claims in the most efficient and economical manner for the parties and judicial system. Plaintiff is unaware of any likely difficulties in managing this action that precludes a class action.

70.     Nearly all factual, legal, statutory, declaratory, and injunctive relief issues that are raised in this Complaint are common to the Class Members and will apply uniformly to every Class Member.  The predominating common questions of law and fact include:

a.     Whether Defendant violated California law by failing to properly compensate Plaintiff Class Members when it automatically deducted 30 minutes for a meal period each workday on days when a 30-minute uninterrupted meal period was not actually taken.

b.     Whether Defendant violated federal law by failing to properly compensate Plaintiff Class Members when it automatically deducted 30 minutes for a meal period each workday on days when a 30-minute uninterrupted meal period was not actually taken.

c.     Whether Defendant violated the law by failing to properly calculate Plaintiff Class Members' regular rate of pay;

d.     Whether Defendant violated California law by failing to properly compensate Plaintiff Class Members for all overtime hours;

e.     Whether Defendant violated federal law by failing to properly compensate Covered Employees for all overtime hours;

f.     Whether Defendant violated California law by failing to properly compensate Plaintiff Class Members for all compensation based on the regular rate of pay;

g.     Whether Defendant violated California law by failing to properly compensate Plaintiff Class Members for all meal and rest period premium payments at the regular rate of compensation;

h.     Whether Defendant violated California Labor Code section §§ 226 and 246 by failing to provide Plaintiff Class Members with accurate itemized wage statements;

///

- 12 -
CLASS AND COLLECTIVE ACTION COMPLAINT

i.      Whether the Plaintiff Class is entitled to waiting time penalties under § 203;

j.      Whether Defendant violated Labor Code §§ 201, 202, 203, 204, 226, 510, 1182.12, 1194, 1194.2, 1197, 1198, ; IWC Wage Order 4-2001, and other applicable IWC Wage Orders, and whether that establishes a violation of fundamental public policy;

g.      Whether Plaintiff Class and Subclasses are entitled to equitable relief pursuant to Business and Professions Code, §§ 17200, *et seq.*

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Failure to Pay All Wages Owed [FLSA - 29 USC §§ 206, 207]

### (Plaintiff and Covered Employees Against Defendant)

71.     Plaintiff incorporates the preceding paragraphs of this Complaint.

72.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in "interstate commerce" within the meaning of FLSA, 29 U.S.C. § 203, and Defendant has employed, and continues to employ the Covered Employees as "employee[s]" within the meaning of the FLSA.

73.     Defendant knowingly, willfully, and intentionally, failed to compensate Plaintiff and the FLSA Covered Employees all wages due under the FLSA, including agreed upon wages and the applicable minimum wage, as mandated by 29 U.S.C. § 206(a), and for overtime hours, as mandated by 29 U.S.C. § 207(a).

74.     Defendant failed to pay Plaintiff and the Covered Employees for all hours worked as a result of its policy of automatically deducting 30 minutes for each work day for an unpaid meal period even when employees did not actually take a full 30-minute, uninterrupted meal period. This practice resulted in Plaintiff and the Covered Employees being deprived of their regular and overtime wages. ///

CLASS AND COLLECTIVE ACTION COMPLAINT

75.    Defendant employed Plaintiff and the FLSA Covered Employees to work, and they did work, in excess of forty (40) hours per week.

76.    Further, Defendant paid Plaintiff and the FLSA Covered Employees non-discretionary bonuses, cash health and welfare benefits, shift differentials, and other forms of remuneration that were not subject to exclusion from the regular rate of pay under the FLSA.

77.    Defendant failed to pay Plaintiff and the FLSA Covered Employees for work in excess of forty (40) hours per week at one-and-one half times the regular rate of pay for each Employee.

78.    Plaintiff seeks judgment against Defendant on her own behalf, and on behalf of each FLSA Covered Employee, for all unpaid wages, including minimum and overtime wages owed by Defendant, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees.

### SECOND CAUSE OF ACTION

### Failure to Pay All Wages [Labor Code §§ 1194 and 1194.2]

### (Plaintiff and the Unpaid Wage Subclass Against Defendant)

79.    Plaintiff incorporates the preceding paragraphs of this Complaint.

80.    At all times herein relevant, Defendant had a duty to comply with Labor Code sections 204, 1182.12, 1194, 1194.2, 1197, 1198, the applicable IWC Wage Orders, and all applicable local minimum wage ordinances in effect throughout California.

81.    Labor Code section 204 and the IWC Wage Orders require timely payment of all wages owed on regularly scheduled paydays at least twice during each calendar month, on days designated in advance by the employer as the regular paydays.  All wages in earned in excess of the normal work period must be paid no later than the payday for the next regular payroll period.

///

82.    Labor Code section 1182.12 sets forth the minimum hourly wage that must be paid to all employees in California for all hours worked.  Labor Code section 1197 affirms that it is unlawful to pay less than the state or local minimum wage, whichever is higher, for any hour of work.

83.    Labor Code section 1194 requires that employers pay employees at least the legal minimum wage rate for all hours worked, notwithstanding any agreement to work for a lesser wage.  Labor Code section 1194 further authorizes any employee receiving less than the legal minimum wage applicable to the employee to recover in a civil action the unpaid balance of the full amount of wages, along with interest thereon, reasonable attorneys' fees and costs of suit.

84.    Labor Code section 1194.2 authorizes the recovery of liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon for unpaid wage violations.

85.    Labor Code section 1198 prohibits employers from employing for longer hours or less favorable conditions than those set forth in the Labor Code, IWC Wage Orders, or as otherwise set by the Labor Commissioner.

86.    Defendant failed to pay Plaintiff and the Class Members for all hours worked as a result of its policy of automatically deducting 30 minutes for each workday for an unpaid meal period even when employees did not actually take a full 30-minute, uninterrupted meal period. This practice resulted in Plaintiff and the Class Members being deprived of compensation for all hours that they worked.

87.    As a direct and proximate result of Defendant's failure to pay Plaintiff and Class Members in accordance with Labor Code sections 204, 1182.12, 1194, 1194.2, 1197, 1198, the applicable IWC Wage Orders, and all applicable local minimum wage ordinances in effect throughout California, Plaintiff and Class Members are entitled to recover the full amount of unpaid

wages, liquidated damages, prejudgment interest, and statutory penalties, along with attorneys' fees and costs in amounts that will be established at trial.

**THIRD CAUSE OF ACTION**

**Failure to Pay Overtime Wages [Labor Code §§ 510 and 1194]**

**(Plaintiff and the Unpaid Wage Subclass and California Overtime Subclass Against Defendant)**

88.     Plaintiff incorporates the preceding paragraphs of this Complaint.

89.     Defendant employed Plaintiff and Class Members to work, and they did work, in excess of eight hours per day and forty hours per week.

90.     Defendant paid Plaintiff and the Class Members non-discretionary bonuses, cash health and welfare benefits, shift differentials, and other forms of remuneration that were not subject to exclusion from the regular rate of pay.

91.     Defendant failed to pay Plaintiff and Class Members for work in excess of eight hours per day and forty hours per week at one-and-one half times the regular rate of pay in violation of Labor Code §§ 510 and 1194.  Instead, Defendant paid Plaintiff and Class Members overtime based on a 1.5x or 2.0x multiple of their straight time hourly rate, notwithstanding the well known obligation and requirement for employers in California (and the United States) to include all other forms of remuneration in the "regular rate of pay" for purposes of overtime, with the exception of the well-defined and narrowly construed exclusions.

92.     Defendant also failed to pay Plaintiff and the Class Members for all hours worked, which included overtime hours, as a result of its policy of automatically deducting 30 minutes for each work day for an unpaid meal period even when employees did not actually take a full 30-minute, uninterrupted meal period. This practice resulted in Plaintiff and the Class Members being deprived of their overtime wages.

///

93.     Defendant's unlawful acts deprived Plaintiff and Class Members of overtime wages in amounts to be determined at trial, and they are entitled to recover these amounts, along with interest, attorneys' fees, and costs.

## FOURTH CAUSE OF ACTION

### Failure to Pay Wages Due at Termination [Labor Code §§ 201 through 203]

### (Plaintiff and the Waiting Time Subclass Against Defendant)

94.     Plaintiff incorporates the preceding paragraphs of this Complaint.

95.     Defendant had a consistent and uniform policy, practice and procedure of willfully failing to pay their employees all final wages due within the time required by law, in violation of Labor Code §§ 201, 202, and 203.  This is a result of Defendant's overtime violations that occurred systemically throughout the Class Period as a result of the regular rate violations.

96.     An employer that willfully fails to timely pay such wages must, as a penalty, continue to pay an employee's wages until the back wages are paid in full or an action is commenced.  Cal. Lab Code § 203.  The penalty cannot exceed 30 days of wages.

97.     The Waiting Time Subclass Members no longer work for Defendant.

98.     Defendant knew wages were due them, but willfully failed to pay Waiting Time Subclass Members all wages due at termination or within seventy-two (72) hours of resignation, in violation of Labor Code §§ 201, 202, and 203.

## FIFTH CAUSE OF ACTION

### Failure to Provide Itemized Wage Statements [Labor Code § 226(a)]

### (Plaintiff and the Wage Statement Subclass Against Defendant)

99.     Plaintiff incorporates all preceding paragraphs of this Complaint.

100.   Labor Code section 226(a) requires an employer to furnish wage statements to employees semimonthly or at the time of each payment of wages, "an accurate itemized statement in writing showing:" (1) gross wages earned, (2) total hours worked, (3) the number of piece rate units earned and applicable

piece rate in effect, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the pay period, (7) the name of the employee and last four digits of SSN or an EIN, (8) the name and address of the legal name of the employer, and (9) all applicable hourly rates in effect during the pay period and the number of hours worked at each hourly rate by the employee.

101.   Defendant knowingly and intentionally failed to comply with this provision by, among other things, providing wage statements to Plaintiff and Class Members which failed to accurately set forth all gross wages earned, total hours worked, net wages earned, and all applicable hourly rates in effect during the pay period with the number of hours worked at each hourly rate by the employee.

102.   As described herein, Defendant's wage statement violations caused injury to Plaintiff and Class Members in the form of confusion about wages paid and amounts owed, misleading and incorrect rates of pay listed on wage statements (causing Plaintiff and Class Members to not vindicate their rights or inquire about the miscalculation of wages due to the misrepresentation on the wage statement), among other reasons.

103.   Based on Defendant's knowing and intentional failure to provide accurate itemized wage statements, Wage Statement Subclass members are entitled to penalties not to exceed $4,000 for each employee together with interest and attorneys' fees and costs.

**SIXTH CAUSE OF ACTION**

**Failure to Provide Meal Periods or Pay All Meal Period Premiums Owed**

**[Labor Code §§ 226.7, 512]**

**(Plaintiff and the Premium Wage Subclass Against Defendant)**

104.   Plaintiff incorporates all preceding paragraphs of this Complaint.

105.   Defendant violated Labor Code §§ 226.7 and 512 and the IWC Wage Orders by failing to provide compliant meal periods or pay meal period premiums

at the regular rate of compensation in lieu thereof.

106.   Defendant did not maintain a lawful meal period waiver that allowed for Defendant and the Class Members to waive meal periods for shifts of less than six hours in length.   During such times, Defendant required Plaintiff and other Class Members to work shifts of five hours or more, but did not provide a timely, uninterrupted 30-minute meal period or a payment of a meal period premium in lieu thereof for those shifts in excess of five hours (with no meal period waiver in effect).

107.   On days in which Plaintiff and Class Members did not receive an uninterrupted 30-minute meal period within the first five hours of their shift, Defendant failed to pay a corresponding meal period premium at one hour their regular rate of compensation.   Plaintiff alleges, on information and belief, that this practice extends to second meal periods for shifts in excess of 10 hours in a workday, as Defendant had a policy and frequent practice of not paying meal period premiums when due to the Class Members.

108.   As a result of this common practice, Defendant failed to provide Plaintiff and the Class Members and Premium Wage Subclass all meal periods owed and all premiums due at the lawful regular rate of compensation in violation of Labor Code §§ 226.7 and 512 and the IWC Wage Orders.

## SEVENTH CAUSE OF ACTION

**Failure to Permit Rest Periods or Pay All Rest Period Premiums Owed**

**[Labor Code §§ 226.7, 512]**

**(Plaintiff and the Premium Wage Subclass Against Defendant)**

109.   Plaintiff incorporates all preceding paragraphs of this Complaint.

110.   Defendant violated Labor Code § 226.7 and the IWC Wage Orders by failing to authorize and permit compliant rest periods for every 4 hours worked or major fraction thereof or pay rest period premiums in lieu thereof.

///

111.   On days in which Plaintiff and Class Members did not receive at least one 10-minute rest period for each four-hour period worked (or major faction thereof), Defendant failed to pay a corresponding rest period premium at one hour their regular rate of compensation.

112.   As a result of this common practice, Defendant failed to provide Plaintiff and the Class Members and Premium Wage Subclass all meal periods owed and all premiums due at the lawful rate in violation of Labor Code §§ 226.7 and 512 and the IWC Wage Orders

## EIGHTH CAUSE OF ACTION

### Violations of the Unfair Competition Law

### [Business and Professions Code §§ 17200 et seq.]

### (Plaintiff and the Class Members Defendant)

113.   Plaintiff incorporates all preceding paragraphs of this Complaint.

114.   Defendant's failure to pay Plaintiff and Class Members for all hours worked, as required by Wage Orders and the Labor Code, constitutes unlawful activity prohibited by Business and Professions Code §§ 17200, et seq.

115.   Defendant's actions constitute false, unfair, fraudulent and deceptive practices, within the meaning of Business and Professions Code, §§ 17200, et seq.

116.   Plaintiff is entitled to an injunction, specific performance under Business and Professions Code, § 17202, and other equitable relief against such unlawful practices in order to prevent future loss, for which there is no adequate remedy at law, and to avoid a multiplicity of lawsuits. Plaintiff brings this cause individually and as a member of the general public as a representative of all others subject to Defendant's unlawful acts and practices.

117.   This cause of action is brought as a cumulative remedy and is intended as an alternative remedy for restitution for Plaintiff, and each Plaintiff Class Member, for the four (4) year period before the filing of this Complaint, and

as the primary remedy during the fourth year before the filing of this Complaint. Business and Professions Code § 17205.

118.   As a result of Defendant's unlawful and unfair business practice of failing to pay earned wages, each Plaintiff Class Member has suffered damages and is entitled to restitution in an amount according to proof.

119.   The illegal conduct alleged is continuing and there is no indication Defendant will discontinue such activity. Plaintiff alleges if Defendant is not enjoined from the conduct set forth in this Complaint, it will continue to fail to pay all overtime, premium, and final wages as required by law.

120.   Plaintiff further requests the court issue a preliminary and permanent injunction prohibiting Defendant from continuing to fail to pay overtime wages at the lawful regular rate.

## **PRAYER FOR RELIEF**

Plaintiff prays for judgment as follows:

A.   Determine this action may be maintained as a class action with Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

B.   Determine this action may be maintained as a collective action, with Plaintiff serving as Class Representative and her counsel serving as Class Counsel;

C.   For Facilitated Notice under 29 USC § 216(b);

D.   For recovery of all unpaid wages owed, including all overtime wages, and interest, and an equal amount as liquidated damages pursuant to the FLSA, 29 U.S.C. § 207, et seq;

E.   Attorneys' fees and costs pursuant to statute, including, but not limited to, 29 USC § 216;

F.   Determine Defendant's failure to pay overtime and premium wages to Plaintiff and Class members violates IWC Wage Orders, regulations and statutes;

CLASS AND COLLECTIVE ACTION COMPLAINT

G.    Defendant be ordered to pay and judgment entered for overtime and premium wages for Plaintiff and Plaintiff Subclass members, according to proof;

H.    Defendant be ordered to pay and judgment entered for Labor Code § 226 penalties to Plaintiff and Plaintiff Subclass member, according to proof;

I.    Defendant be ordered to pay and judgment entered for Labor Code § 203 penalties to Plaintiff and each Plaintiff Subclass member, according to proof;

J.    Defendant be ordered to pay liquidated damages under Labor Code § 1194.2;

K.    Defendant be found to have engaged in unfair competition in violation of Business and Professions Code § 17200 and be ordered to pay restitution to Plaintiff, and each Plaintiff Class member, due to Defendant's unlawful and unfair competition, including disgorgement of wrongfully obtained profits, and wrongfully withheld wages, according to proof, and interest, under Business and Professions Code §§ 17203 and 17204;

L.    Defendant be enjoined from further acts of unfair competition and specifically from failing to pay Class Members overtime wages;

M.    Plaintiff, Plaintiff Class members, and Subclass members be awarded attorneys' fees and costs pursuant to statute, including, but not limited to, Labor Code §§ 226, 1194, and Code of Civil Procedure § 1021.5;

N.    Determine the appropriate remedy to compensate Plaintiff, Class and Subclass members, as required to promote fairness and justice, including but not limited procedures for compensation, and fluid recovery if appropriate;

O.    Prejudgment Interest; and

P.    Any other relief the court deems proper.

CLASS AND COLLECTIVE ACTION COMPLAINT

Dated: August 31, 2020

FERRARO EMPLOYMENT LAW, INC.

*Nicholas J. Ferraro*

NICHOLAS J. FERRARO

Attorneys for Plaintiff Ana Garcia, on behalf of herself and all others similarly situated

CLASS AND COLLECTIVE ACTION COMPLAINT